**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

Benjamin Lin
*ben.lin@jtblawgroup.com*
    (*pro hac vice* application forthcoming)
Jason T. Brown
*jtb@jtblawgroup.com*
    (*pro hac vice* application forthcoming)
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
(877) 561-0000 (phone)
(855) 582-5297 (fax)

**CRISPIN MARTON CAMBRELENG**
Rebecca Cambreleng OSB No. 133209
*rebecca@employmentlaw-nw.com*
1834 SW 58th Avenue, Suite 200
Portland, OR 97221
(503) 293-5770 (office)
(503) 293-5766 (fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THE UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA, and THE STATE OF WASHINGTON** *ex rel.* David Phelan, and **DAVID PHELAN**, individually, | **CASE NO. 3:21-cv-425 MO** |
| Plaintiffs, | **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** |
| v. | |
| **PROVIDENCE ST. JOSEPH HEALTH,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff and *qui tam* Relator David Phelan ("Relator"), by and through his undersigned

counsel Brown, LLC and Crispin Marton Cambreleng, alleges of personal knowledge as to his

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

observations and actions, and on information and belief as to all else, as follows:

## I.
## PRELIMINARY STATEMENT

1.      Providence St. Joseph Health ("Providence") defrauded Medicare, Medicaid, and private insurers by routinely billing for higher levels of radiation therapy services than provided.

2.      In 2018, an external auditor's review of Providence's radiation oncology department showed that Providence had billed for over $20 million of services that were excessive and contravened billing regulations.

3.      Instead of investigating the full scope of its incorrect billing and making appropriate refunds, Providence chose to shut down all pending and future audits.

4.      Providence deliberately halted audits to prevent negative impacts to its revenue at the expense of taxpayers and insurance companies.

5.      Relator brings this *qui tam* action on behalf of the United States of America under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "FCA") to recover treble the damages sustained by, and civil penalties and restitution owed to, the United States as a result of Defendant's fraud.

6.      Relator brings this action on behalf of the State of California under the California False Claims Act, Cal. Gov't Code §§ 12650 *et seq.* (the "California FCA") and the California Insurance Frauds Prevention Act, Cal. Ins. Code §§ 1871 *et seq.* (the "CIFPA"), to recover treble the damages sustained by, and civil penalties and restitution owed to, California and private insurers as a result of Defendant's fraud.

7.      Relator brings this action on behalf of the State of Washington under the Washington Medicaid Fraud False Claims Act, Wash. Rev. Code §§ 74.66.005 *et seq.* (the

Page 2 – COMPLAINT

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

"Washington FCA"), to recover treble the damages sustained by, and civil penalties and restitution owed to, Washington as a result of Defendant's fraud.

8.      This Complaint has been filed *in camera* and under seal pursuant to 31 U.S.C. § 3730(b)(2) and the analogous laws of California and Washington. It will not be served on Defendant unless and until the Court so orders. A copy of the Complaint, along with written disclosure of substantially all material evidence and information that Relator possesses, has been served upon the Attorney General of the United States and on the United States Attorney for the District of Oregon pursuant to 31 U.S.C. § 3730(b)(2) and Fed. R. Civ. P. 4(d); on the California Attorney General pursuant to Cal. Gov't Code § 12652(c)(3); on the Sacramento County District Attorney and the California Insurance Commissioner pursuant to Cal. Ins. Code § 1871.7(e)(2); and on the Washington Attorney General pursuant to Wash. Rev. Code § 74.66.050(2).

## II.
## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, a federal statute. This Court has jurisdiction over the state-law claims pursuant to 31 U.S.C. § 3732(b).

10.     The Court has personal jurisdiction over Defendant because Defendant (a) is a resident of, and/or is licensed to transact and do transact business in, this District; and (b) has carried out its fraudulent scheme in this District.

11.     Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b)(2), because Defendant can be found in, and transacts or has transacted business in this District, and the events and omissions that give rise to these claims have occurred in this District.

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

12.     This Complaint is filed within the time period prescribed by 31 U.S.C. § 3731(b) and the analogous laws of the Plaintiff States.

### III.
### NO PUBLIC DISCLOSURE;
### MATERIAL AND INDEPENDENT INFORMATION

13.     Relator makes the allegations in this Complaint based on his own knowledge, experience and observations.

14.     Relator is the original source of the information on which the allegations herein are based, and voluntarily disclosed such information to the United States, California, and Washington before filing this action.

15.     There has been no public disclosure, relevant under 31 U.S.C. § 3730(e), Cal Gov't Code § 12652(d)(3)(A), Cal. Ins. Code § 1871.7(h)(2)(A), or Wash Rev. Code § 74.66.080(2), of the "allegations or transactions" in this Complaint. Alternatively, to the extent that any such public disclosure has been made, Relator possesses information that is independent of and materially adds to any allegations that may have been publicly disclosed.

### IV.
### THE PARTIES

**A.     Government Plaintiffs**

16.     Relator brings this action on behalf of Plaintiff the United States. The United States, acting through the Centers for Medicare & Medicaid Services ("CMS"), has reimbursed Defendant for falsely coded medical services.

17.     Relator brings this action on behalf of Plaintiff the State of California, which has reimbursed Defendant for falsely coded medical services through California's Medicaid program

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

("Medi-Cal"). Relator also brings a claim on behalf of California under the CIFPA for fraud upon private insurers in California who reimbursed Defendant for falsely coded medical services.

18.     Relator brings this action on behalf of Plaintiff the State of Washington, which has reimbursed Defendant for falsely coded medical services through Washington's Medicaid program ("Apple Health").

**B.     Relator**

19.     Relator David Phelan is a resident of Multnomah County, Oregon. Relator has worked for Defendant as a dosimetrist since 2003.

**C.     Defendant**

20.     Defendant Providence St. Joseph Health ("Providence") is a corporation with its principal place of business at 1801 Lind Avenue SW, Renton, Washington 98057. Providence owns and operates hospitals in states including Oregon, California, and Washington.

**V.**
**DEFENDANT'S FRAUD**

**A.     Providence's Audit**

21.     In 2018, Providence commissioned a third-party auditor to review the billing of its radiation oncology division across about a dozen hospital locations, including in Oregon, California, and Washington.

22.     Prior to 2018, there had been no systemic audit of Providence's radiation oncology practice for more than 10 years.

23.     Depending on the location, the 2018 audit covered one to three years of billing.

24.     The initial audit reports concluded that cumulatively, Providence's radiation oncology divisions had incorrectly billed for over $20 million of services.

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

25.     The audit's findings are summarized below.

**B.     Excessive and Unbundled Basic Radiation Dosimetry Calculation (Code 77300)**

26.     Healthcare Common Procedure Coding System/Current Procedure Terminology ("HCPCS/CPT") code 77300 is used to bill for basic radiation dosimetry calculation.

27.     Dosimetry is the science of determining the appropriate radiation dose for a patient undergoing radiation therapy.

28.     Code 77300 represents a basic component of, and is therefore bundled into the payments for, several radiation therapy plans.

29.     A provider who bills for 77300 and also for one of these bundled radiation therapy plans could therefore receive duplicative payment.

30.     Noridian Healthcare Solutions, LLC ("Noridian") is the Medicare Administrative Contractor ("MAC") for the jurisdictions covering, *inter alia,* California and Washington.

31.     Noridian explicitly states that code 77300 "cannot be charged" with the following radiation therapy plan codes:

| Code | Description[1] |
|------|----------------|
| 77306 | Simple teletherapy isodose plan, including basic dosimetry calculation. |
| 77307 | Complex teletherapy isodose plan, including basic dosimetry calculation. |
| 77321 | Special teletherapy port plan, including basic dosimetry calculation. |

32.     Providence routinely bills using code 77300 on top of bundled radiation therapy plans that already include basic dosimetry calculation.

---

[1] *See* "Radiation Oncology," *available at* https://med.noridianmedicare.com/web/jfb/specialties/radiation-oncology (last accessed Mar. 4, 2021).

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

33.    For example, the audit report for St. Joseph Hospital Orange states: "There were 1047 instances were [*sic*] Basic Calculation (77300) appeared to be billed for plans in which they are bundled, **resulting in $2,416,502 in potentially unsupported charges, a 62% error rate**…." (Emphasis added).

34.    To avoid detection and denial of this duplicative billing by insurers, Providence falsely billed code 77300 on different dates of service from the bundled plan code.

35.    Furthermore, CMS provides that up to ten instances of code 77300 may be billed per patient per day. Any instances of code 77300 above this threshold should be justified by documentation.[2]

36.    Providence frequently billed for more than ten instances of code 77300 per patient per day without justification.

37.    The audit report for Providence Regional Medical Center, Everett states: "1436 charges for Basic Dosimetry (77300) were billed in excess of the MUE [medically unlikely edits][3] of 10 or billed in [*sic*] on 2 separate line items on a single date of service. This is **$820,928 in charges that could be challenged and is a 35.5% error rate**…."

**C.    Excessive Complex Treatment Devices (Code 77334)**

38.    Various treatment devices are used in conjunction with radiation therapy courses, such as those used to modify the radiation beam or to stabilize the patient's body.

39.    Treatment devices are billed using the following codes:

---

[2]    "Coding    Guidelines,"    available    at    https://downloads.cms.gov/medicare-coverage-database/lcd_attachments/30316_8/030110_00143_L30316_RAD014_revised_cbg.pdf (last accessed Mar. 4, 2021).

[3] The MUE for any particular code "is the maximum units of service that a provider would report under most circumstances for a single beneficiary on a single date of service." "Medically Unlikely Edits," *available at* https://www.cms.gov/Medicare/Coding/NationalCorrectCodInitEd/MUE (last accessed Mar. 4, 2021).

**CRISPIN MARTON CAMBRELENG**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

| Code | Description[4] |
|------|-------------|
| 77332 | Treatment devices, design and construction; simple. |
| 77333 | Treatment devices, design and construction; intermediate. |
| 77334 | Treatment devices, design and construction; complex. |

40.    Providence reflexively billed for the highest level of treatment devices using code 77334.

41.     Furthermore, Providence billed for more instances of complex treatment devices than CMS guidelines allowed.

42.    Providence also billed for more complex treatment devices than it actually provided.

43.    CMS provides that up to ten instances of code 77334 may be billed per patient per day. Any instances of code 77334 above this threshold should be justified by documentation.[5]

44.    Providence regularly billed for more than ten instances of code 77334 per patient per day without justification.

45.    Providence commonly billed for 10-25 instances of code 77334 per patient per day.

46.    Providence overbilled code 77334 by falsely characterizing what constitutes a device.

47.    CMS provides that "It is appropriate to report a treatment device CPT code for each complex IMRT [intensity-modulated radiation therapy] field (i.e. gantry/table angle for step and shoot and sliding windows). It should not be billed for each segment within the field." [6]

---

[4] *See infra* note 1.
[5] *See infra* note 2.
[6] *See infra* note 2.

Page 8 – COMPLAINT

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

48.     A field refers to a particular angle or setup at which a radiation beam is directed at a patient. For example, the image below depicts a single radiation field emanating from a linear accelerator mounted atop a gantry support beam.



© MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH. ALL RIGHTS RESERVED.

49.     A multi-leaf collimator ("MLC") attached to the linear accelerator can divide each radiation beam into multiple segments of varying intensity, size, and shape to better focus the treatment.

50.     There is no reason why each segment of the same radiation beam would require the use of an additional complex treatment device.

51.     Contrary to coding rules, Providence bills for multiple incidences of code 77334 per field.

52.     For example, the audit report for Providence Regional Medical Center, Everett states that code 77334 was "billed in excess of the MUE of 10 and/or billed on 2 separate line

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

items on a single date of service, representing **$943,338.73 in charges that could be challenged and is an 83% error rate**…." (Emphasis added).

53.     This report also states: "Given the large # of instances where greater than 10 – 25 devices were billed, **it is possible that devices were billed per segment, or multiple devices per gantry angle**" contrary to CMS coding guidelines (Emphasis added).

**D.      Upcoding of Special Radiation Treatment (Code 77470)**

54.     Code 77470 is used to bill for special treatment procedures for particularly difficult cases of cancer.

55.     "According to Medicare regulations, 77470 covers the additional physician effort and work required for the special procedures of hyperfractionation, total body irradiation, per oral or transvaginal cone use, brachytherapy, hyperthermia, combination with chemotherapy or other combined modality therapy, stereotactic radiosurgery, intraoperative radiation therapy, and any other special time-consuming plan."[7]

56.     Disregarding such regulations, Providence providers have billed using code 77470 for radiation therapy that does not include such complex special procedures.

57.     Medical documentation of the procedures that Providence billed using 77470 does not reflect any special efforts that would justify this code.

58.     Providence's providers added code 77470 after the course of treatment had already begun to obtain additional reimbursement.

---

[7] "Correct Use of 77470 Ensures Pay Up of Extra Services for Radiation Oncologists," American Academy of Professional Coders, available at https://www.aapc.com/codes/coding-newsletters/my-oncology-hematology-coding-alert/correct-use-of-77470-ensures-pay-up-of-extra-services-for-radiation-oncologists-article (last accessed Mar. 5, 2021).

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

59.    For example, the audit report for Providence Disney Family Cancer Center states: "Special Treatment Procedure (77470) was billed in the middle of, or at the very conclusion of the course of treatment…. [T]his atypical utilization could result in denials, or unwanted scrutiny by payers. A total of **$265,056 in charges, or 51% . . . were affected**." (Emphasis added).

**E.    Providence's Cover-up**

60.    As noted above, the initial audit reports concluded that cumulatively, Providence's radiation oncology division had incorrectly billed for over $20 million of services.

61.    Before the auditor could determine how much Providence owed to insurers in excessive reimbursements, Group Vice President Lynda Baxter ordered that all current and pending audits be halted.

62.    Among the reasons for shutting down the audits, Baxter cited discontent among Providence providers that continued audits and the resulting policy changes would harm their profitability and that of Providence.

63.    Baxter shut down the audits over the objections of employees who believed that Providence had defrauded and is continuing to defraud insurers, including Medicare and various state Medicaid programs.

**VI.**
**THE LEGAL FRAMEWORK**

**A.    The False Claims Act**

64.    The False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, (the "FCA"), reflects Congress's objective to "enhance the Government's ability to recover losses as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (1986). As relevant here, the FCA establishes treble damages liability for an individual or entity that:

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

    (A)    knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

    (B)    knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; [or]

               \* \* \*

    (G)    knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government….

31 U.S.C. § 3729(a)(1).

    65.    "Knowing," within the meaning of the FCA, is defined to include reckless disregard and deliberate indifference. *Id*. § 3729(b)(1).

    66.    The FCA defines "claim" to include any request for money that:

is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government—

    (I)    provides or has provided any portion of the money or property requested or demanded; or

    (II)    will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded….

*Id*. § 3729(b)(2)(A)(ii).

    67.    For each false claim or other FCA violation, the FCA provides for the assessment of treble damages, plus a civil penalty.[8]

---

[8] 31 U.S.C. § 3729(a)(1) provides a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note; Public Law 104-410). The Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, 28 U.S.C. § 2461 note, substituted a different statutory formula for calculating inflation adjustments on an annual basis. For such penalties assessed after June 20, 2020, the minimum penalty is $11,665 and the maximum is $ 23,331. *See* 28 C.F.R. § 85.5; 82 F.R. 37,004-10 (June 19, 2020).

**CRISPIN MARTON CAMBRELENG**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

68. The FCA also provides for payment of a percentage of the United States' recovery to a private individual who brings suit on behalf of the United States (the "Relator") under the FCA. *See* 31 U.S.C. § 3730(d).

**B.     The Medicare Program**

Program Overview and Provider Enrollment

69. In 1965 Congress enacted Title XVIII of the Social Security Act, known as the Medicare program, to pay for certain healthcare services provided to certain segments of the population. Entitlement to Medicare is based on age, disability, or affliction with end-stage renal disease. *See* 42 U.S.C. §§ 1395 *et seq.*

70. The federal Department of Health and Human Services, through CMS, administers the Medicare program.

71. Part B of the Medicare program authorizes payment for medical services in an outpatient setting. *See* 42 U.S.C. § 1395k(a)(2)(B).

72. CMS enters into agreements with healthcare providers such as Defendant to participate in the Medicare program. Individuals or entities who are participating providers in Medicare may seek reimbursement from CMS for services rendered to patients who are Medicare beneficiaries.

73. To enroll as an authorized participant in Medicare, providers like Defendant are required to make the following certification:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this provider. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

and the Stark law), and on the provider's compliance with all applicable conditions of participation in Medicare.

Medicare Enrollment Application: Institutional Providers, CMS-855A, at 23.[9]

74.     Compliance with applicable Medicare program rules and regulations is material to the government's decision to pay and its subsequent payment of claims. In order to be reimbursable by Medicare, services must be medically necessary. *See* 42 U.S.C. § 1395y(a)(1)(A); 42 C.F.R. § 411.15(k)(1).

The Medicare Claims Process

75.     In order to receive reimbursement from Medicare, providers such as Defendant must submit a claim form. *See* Form CMS-1500.[10] That claim form requires the provider to make the following certification:

> In submitting this claim for payment from federal funds, I certify that: 1) **the information on this form is true, accurate and complete** ... 3) I have provided or will provide sufficient information required to allow the government to make an informed eligibility and payment decision; 4) this claim ... complies with all applicable Medicare and/or Medicaid laws, regulations, and program instructions for payment [and] … 5) the services on this form were medically necessary….

*Id.*, at 2 (emphasis added).

76.     A provider may also submit the electronic equivalent of this claim form, which includes a substantially similar certification.

77.     CMS guidance as to electronic claims submission is found in Chapter 24 of the Medicare Claims Processing Manual, CMS Publication No. 100-04 (the "Claims Manual").[11]

---

[9] *Available at* https://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/Downloads/cms855a.pdf (last Mar. 3, 2021).
[10] *Available at* https://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1500.pdf (last accessed Mar. 3, 2021).
[11] *Available at* https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/downloads/clm104c24.pdf (last accessed Mar. 3, 2021).

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

Among other things, the guidance specifies the minimum content of the enrollment form that a local MAC may use to sign up providers to submit claims electronically. Per the Claims Manual, such an enrollment form must contain, and the enrolling provider must acknowledge, at least the following statements:

> The provider agrees to the following provisions for submitting Medicare claims electronically to CMS or to CMS' A/B MACs or CEDI:
>
> * * *
>
> 7. That it will submit claims that are accurate, complete, and truthful;
>
> * * *
>
> 12. That it will acknowledge that all claims will be paid from Federal funds, that the submission of such claims is a claim for payment under the Medicare program, and that anyone who misrepresents or falsified or causes to be misrepresented or falsified any record or other information relating to that claim that is required pursuant to this agreement may, upon conviction, be subject to a fine and/or imprisonment under applicable Federal law; [and]
>
> * * *
>
> 14. That it will research and correct claim discrepancies[.]

Claims Manual, Chapter 24 § 30.2.

78.    The submission of such a certification, if false, is a violation of the FCA. 31 U.S.C. § 3729(a).

79.    Each such false certification is a separate violation of the FCA.

80.    Throughout the statutory period, Defendant and its affiliated hospitals and clinics were enrolled Medicare providers.

81.    Throughout the statutory period, Defendant presented or caused to be presented claims to Medicare in which they made the foregoing certifications and acknowledgements.

82.    Those certifications and acknowledgements were false, rendering Defendant's claims false and fraudulent.

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

## C. The California False Claims Act

83.     The California False Claims Act (the "California FCA") provides liability for any

person who:

> (1)     Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.

> (2)     Knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim.

> \* \* \*

> (7)     [K]nowingly conceals or knowingly and improperly avoids, or decreases an obligation to pay or transmit money or property to the state or to any political subdivision.

Cal. Gov't Code § 12651(a).

84.     The California FCA defines "knowing" to include deliberate ignorance and

reckless disregard of the truth or falsity of information. *Id*. § 12650(b)(3).

85.     The California FCA defines a "claim" to include any request for money, property,

or service that:

> (B) Is made to a contractor, grantee, or other recipient, if the money, property, or service is to be spent or used on a state or any political subdivision's behalf or to advance a state or political subdivision's program or interest, and if the state or political subdivision meets either of the following conditions—

> > (i) Provides or has provided any portion of the money, property, or service requested or demanded.

> > (ii) Will reimburse such contractor, grantee, or other recipient for any portion of the money, property, or service which is requested or demanded.

*Id*. § 12650(b)(1).

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

86. Any person violating any of these provisions is liable for a civil penalty of not less than $5,500 and not more than $11,000 for each violation, plus treble damages. *Id* § 12651(a).[12]

87. The California FCA provides for payment of a percentage of California's recovery to a "*qui tam* plaintiff" who brings suit on behalf of California. Cal. Gov't Code § 12652(g).

**D.      The California Insurance Fraud Prevention Act**

88. The CIFPA establishes civil liability for violations of, *inter alia*, Cal. Pen. Code §§ 550, 551, which criminalize various forms of insurance fraud. *See* Cal. Ins. Code § 1871.7(b).

89. Cal. Pen. Code § 550 provides, in pertinent part, that:

> (a) It is unlawful to do any of the following, or to aid, abet, solicit, or conspire with any person to do any of the following:

> \* \* \*

> (5) Knowingly prepare, make, or subscribe any writing, with the intent to present or use it, or to allow it to be presented, in support of any false or fraudulent claim.

> (6) Knowingly make or cause to be made any false or fraudulent claim for payment of a health care benefit.

90. For each violation of the CIFPA, California assesses a civil penalty of not less than $5,000 and not more than $10,000, plus an assessment of not more than three times the amount of each claim. Cal. Ins. Code § 1871.7(b).

91. The CIFPA also provides for payment of a percentage of California's recovery to an interested person who brings suit on behalf of California. *Id.* § 1871.7(g).

**E.      The Washington Medicaid False Claims Act**

---

[12] This penalty is subject to adjustment under the Federal Civil Penalties Inflation Adjustment Act of 1990.

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

92.     The Washington Medicaid Fraud False Claims Act, Wash. Rev. Code §§ 74.66.005

*et seq.* (the "Washington FCA"), provides liability for any person who:

> (a)     Knowingly presents, or causes to be presented, a false or fraudulent
> claim for payment or approval; [or]
>
> (b)     Knowingly makes, uses, or causes to be made or used, a false record
> or statement material to a false or fraudulent claim;
>
> * * *
>
> (f)     [K]nowingly conceals or knowingly and improperly avoids or
> decreases an obligation to pay or transmit money or property to the
> government entity.

Wash. Rev. Code § 74.66.020(1).

93.     "Knowing," within the meaning of the Washington FCA, is defined to include

reckless disregard and deliberate indifference. *Id*. § 74.66.010(7)(a).

94.     Any person violating these provisions is liable for a civil penalty of at least $10,957

and not more than $21,916 for each violation, plus treble damages. *Id*. § 74.66.020(1).[13]

95.     The Washington FCA also provides for payment of a percentage of the recovery to

a private individual who brings suit on behalf of Washington. *Id*. § 74.66.070.

**F.     The Medicaid Program**

96.     Congress enacted Medicaid under Title XIX of the Social Security Act, 42 U.S.C.

§§ 1396 *et seq*.

97.     Medicaid is a jointly funded cooperative venture between the federal and state

governments to provide health care to certain groups, primarily the poor and the disabled. See 42

C.F.R. §§ 430.0 *et seq*.

---

[13] Subject to adjustment under the Federal Civil Penalties Inflation Adjustment Act of 1990.

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

98.    Under the Medicaid program, the United States, through CMS, pays a specified percentage of each state's Medicaid program expenditures, known as the Federal Medical Assistance Percentage ("FMAP"). *See* 42 U.S.C. § 1396d(b).

## COUNT I
## FEDERAL FALSE CLAIMS ACT:
## PRESENTATION OF FALSE CLAIMS

99.    As described above, Providence knowingly presented or caused to be presented claims for payment to CMS and/or its MAC (a) for services that were not rendered at the level for which reimbursement was claimed; and/or (b) for services that exceeded regulatory guidelines.

100.    These claims were false within the meaning of the FCA.

101.    The presentation of these false claims caused CMS and/or its MAC to pay out monies that they would not have paid if they had known of the falsity of these claims.

102.    CMS and its MAC are grantees or other recipients of money from the United States Government within the meaning of 31 U.S.C. § 3729(b)(2)(A)(ii). All such money is to be spent to advance the United States' interest in the Medicare program.

103.    Accordingly, Providence's knowing presentations of false or fraudulent claims for payment to CMS and/or its MAC were violations of 31 U.S.C. § 3729(a)(l)(A).

104.    Each presentation of a false or fraudulent claim to CMS and/or its MAC is a separate violation of the FCA.

105.    By reason of the false or fraudulent claims that Providence knowingly presented, the United States has been damaged in an amount to be proven at trial.

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

## COUNT II
## FEDERAL FALSE CLAIMS ACT:
## <u>FALSE RECORD OR STATEMENT</u>

106.    As described above, Providence knowingly made and used false records and statements when it caused claims for payment to be presented to CMS and/or its MAC, including false documentation of the dates of services for radiation therapy.

107.    The making and use of these false records or statements caused CMS and/or its MAC to pay out monies that they would not have paid if they had known of the falsity of Providence's records and statements.

108.    CMS and its MAC are grantees or other recipients of money from the United States Government within the meaning of 31 U.S.C. § 3729(b)(2)(A)(ii). All such money is to be spent to advance the United States' interest in the Medicare program.

109.    Accordingly, Providence's knowing making and use of false records or statements material to the false or fraudulent claims for payment that Providence submitted to CMS and/or its MAC were violations of 31 U.S.C. § 3729(a)(l)(B).

110.    Each such making or use of a false record or statement is a separate violation of the FCA.

111.    By reason of the false or fraudulent records or statements that Providence knowingly made or used, the United States has been damaged in an amount to be proven at trial.

## COUNT III (IN THE ALTERNATIVE)
## FEDERAL FALSE CLAIMS ACT:
## <u>AVOIDING OBLIGATION</u>

112.    In the alternative to Counts I and II, Providence knowingly concealed or improperly avoided its obligation to return payments to CMS and/or its MAC. As of 2018, Providence knew

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

that its radiation oncology division overbilled Medicare, and chose to halt and cover up audits to avoid its obligations to return payments.

113.    Accordingly, Providence's knowing concealment or avoidance of its obligations to repay CMS and/or its MAC were violations of 31 U.S.C. § 3729(a)(l)(G).

114.    Each instance thereof is a separate violation of the FCA.

115.    By reason of Providence's concealment and avoidance of its obligations to repay the CMS and/or its MAC, the United States has been damaged in an amount to be proven at trial.

### COUNT IV
### CALIFORNIA FALSE CLAIMS ACT:
### <u>PRESENTATION OF FALSE CLAIMS</u>

116.    As described above, Providence knowingly presented or caused to be presented claims for payment to California's Medicaid program Medi-Cal for (a) for services that were not rendered at the level for which reimbursement was claimed; and/or (b) for services that exceeded regulatory guidelines.

117.    These claims were false within the meaning of the California FCA.

118.    The submission of these false claims caused Medi-Cal to pay out monies that it would not have paid if it had known of the falsity of these claims.

119.    Accordingly, Providence knowingly presented false or fraudulent claims for payment in violation of Cal Gov't Code § 12651(a)(1).

120.    Each false or fraudulent claim submitted to Medi-Cal is a separate violation of the California FCA.

121.    By reason of the false or fraudulent claims that Providence knowingly presented, California has been damaged in an amount to be proven at trial.

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

## COUNT V
## CALIFORNIA FALSE CLAIMS ACT:
## <u>FALSE RECORD OR STATEMENT</u>

122.   As described above, Providence knowingly made and used false records and statements that are material to false or fraudulent claims, including false documentation of dates of service of radiation therapy.

123.   These false records or statements were material to Providence's false claims for payment to Medi-Cal, and caused Medi-Cal to pay out monies that it would not have paid had it known the falsity of Providence's records or statements.

124.   Accordingly, Providence knowingly made and used false records and statements material to false or fraudulent claims for payment in violation of Cal Gov't Code § 12651(a)(2).

125.   Each making or using of false records or statements is a separate violation of the California FCA.

126.   By reason of the false records or statements that Providence knowingly made or used, California has been damaged in an amount to be proven at trial.

## COUNT VI (IN THE ALTERNATIVE)
## CALIFORNIA FALSE CLAIMS ACT:
## <u>AVOIDING OBLIGATION</u>

127.   In the alternative to Counts IV and V, Providence knowingly concealed or improperly avoided its obligation to return payments to Medi-Cal. As of 2018, Providence knew that its radiation oncology division overbilled Medi-Cal, and chose to halt and cover up audits to avoid its obligations to return payments.

128.   Accordingly, Providence's knowing concealment or avoidance of its obligations to repay Medi-Cal is a violation of Cal. Gov't Code § 12651(a)(7).

129.   Each instance thereof is a separate violation of the California FCA.

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

130.     By reason of Providence's concealment and avoidance of its obligations to repay Medi-Cal, California has been damaged in an amount to be proven at trial.

## COUNT VII
## CALIFORNIA INSURANCE FRAUD PREVENTION ACT

131.     As described above, Providence knowingly prepared and made writings, including false dates of service, with the intent of presenting, using, or allowing to be presented, such writings in support of false or fraudulent claims submitted to private insurers in California in violation of Cal. Pen. Code § 550(a)(5).

132.     Providence also knowingly made or caused to be made false or fraudulent claims for payment to private insurers in California in violation of Cal. Pen. Code § 550(a)(6), including (a) for services that were not rendered at the level for which reimbursement was claimed; and (b) for services that were excessive beyond regulatory guidelines.

133.     Each violation of Cal. Pen. Code § 550 is in turn a violation of Cal. Ins. Code § 1871.7(b).

134.     As a result of Providence's fraud, California and private insurers have been damaged in an amount to be proven at trial.

## COUNT VIII
## WASHINGTON MEDICAID FALSE CLAIMS ACT
## PRESENTATION OF FALSE CLAIMS

135.     As described above, Providence knowingly presented or caused to be presented claims for payment to Washington's Medicaid program Apple Health for (a) for services that were not rendered at the level for which reimbursement was claimed; and/or (b) for services that exceeded regulatory guidelines.

136.     These claims were false within the meaning of the Washington FCA.

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

137.    The presentation of these false claims caused Apple Health to pay out monies that it would not have paid if it had known of the falsity of these claims.

138.    Accordingly, Providence's knowing presentations of false or fraudulent claims for payment to Apple Health were violations of Wash. Rev. Code § 74.66.020(1)(a).

139.    Each presentation of a false or fraudulent claim to Apple Health is a separate violation of the Washington FCA.

140.    By reason of the false or fraudulent claims that Providence knowingly presented, Washington has been damaged in an amount to be proven at trial.

**COUNT IX**
**WASHINGTON FALSE CLAIMS ACT:**
**FALSE RECORD OR STATEMENT**

141.    As described above, Providence knowingly made and used false records and statements when it caused claims for payment to be presented to Apple Health, including false documentation of the dates of services for radiation therapy.

142.    The making and use of these false records or statements caused Apple Health to pay out monies that it would not have paid if it had known of the falsity of Providence's records and statements.

143.    Accordingly, Providence's knowing making and use of false records or statements material to the false or fraudulent claims for payment that Providence submitted to Apple Health were violations of Wash. Rev. Code § 74.66.020(1)(b).

144.    Each such making or use of a false record or statement is a separate violation of the Washington FCA.

145.    By reason of the false or fraudulent records or statements that Providence knowingly made or used, Washington has been damaged in an amount to be proven at trial.

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

### COUNT X (IN THE ALTERNATIVE)
### WASHINGTON FALSE CLAIMS ACT:
### <u>AVOIDING OBLIGATION</u>

146.    In the alternative to Counts VIII and IX, Providence knowingly concealed or improperly avoided its obligation to return payments to Apple Health. As of 2018, Providence knew that its radiation oncology division overbilled Apple Health, and chose to halt and cover up audits to avoid its obligations to return payments.

147.    Accordingly, Providence's knowing concealment or avoidance of its obligations to repay Apple Health is a violation of Wash. Rev. Code § 74.66.020(g).

148.    Each instance thereof is a separate violation of the Washington FCA.

149.    By reason of Providence's concealment and avoidance of its obligations to repay Apple Health, Washington has been damaged in an amount to be proven at trial.

### <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Relator respectfully requests that this Court enter judgment in his favor and that of the United States, California, and Washington, and against Defendant, granting the following on all Counts:

(A)    an award to the United States for treble its damages, a statutory penalty for each violation of the FCA, and for its costs pursuant to 31 U.S.C. § 3729(a)(3);

(B)    an award to California for treble its damages, a statutory penalty for each violation of the California FCA and the CIFPA, and for its costs pursuant to Cal Gov't Code § 12651(a) and Cal Ins. Code § 1871.7(b) respectively;

(C)    an award to Washington for treble its damages, a statutory penalty for each violation of the Washington FCA, and for its costs pursuant to Wash. Rev. Code § 74.66.020;

(D)    an award to Relator in the maximum amount permitted under 31 U.S.C. § 3730(d), Cal. Gov't Code § 12652(g), Cal. Ins. Code § 1871.7(g) and Wash. Rev. Code § 74.66.070, and for the reasonable attorney's fees and costs he incurred in prosecuting this action;

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

(E)     awards to the United States, California, Washington, and Relator of pre- and post-judgment interest at the rates permitted by law; and

(F)     an award of such other and further relief as this Court may deem to be just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Relator demands trial by jury on all questions of fact raised by the Complaint.

Dated: March 19, 2021

Respectfully submitted,

**BROWN, LLC**
*/s/ Benjamin Lin*
Benjamin Lin
   (*pro hac vice* application forthcoming)
Jason T. Brown
   (*pro hac vice* application forthcoming)
111 Town Square Place, Suite 400
Jersey City, NJ 07310
(877) 561-0000 (phone)
(855) 582-5297 (fax)
*ben.lin@jtblawgroup.com*
*jtb@jtblawgroup.com*

**CRISPIN MARTON CAMBRELENG**
*/s/ Rebecca Cambreleng*
Rebecca Cambreleng (133209)
1834 SW 58th Avenue, Suite 200
Portland, OR 97221
(503) 293-5770 (office)
*rebecca@employmentlaw-nw.com*

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2021, I caused a true copy of the Complaint in the matter captioned *United States of America ex rel. Phelan v. Providence St. Joseph Health* to be served upon the following, along with written disclosure of substantially all material evidence and information possessed by Relator:

*by USPS Registered Mail, Return Receipt Requested, to*

Office of the Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Scott Erik Asphaug
United States Attorney
District of Oregon
1000 SW Third Ave Suite 600
Portland, Oregon 97204

The Attorney General's Office
California Department of Justice
Attn: False Claims Unit
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

California Dept of Insurance
Agent for Service of Process
300 Capitol Mall Suite 1700
Sacramento CA 95814

Anne Marie Shubert
Sacramento County District Attorney
901 G Street
Sacramento, CA 95814

*by email to*

Bob Ferguson
Washington State Office of the Attorney General
*serviceATG@atg.wa.gov*

*/s/ Benjamin Lin*
Benjamin Lin

CRISPIN MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770
